NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY S. WAX,**
*Appellant,*

**v.**

**AMAZON TECHNOLOGIES, INC.,**
*Appellee.*

---

2012-1494
(Opposition No. 91187118)

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

---

Decided: January 14, 2013

---

JEFFREY S. WAX, of Sacramento, California, pro se.

LINDA K. MCLEOD, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, for appellee. With her on the brief were STEPHANIE H. BALD and MOLLY R. SILFEN.

---

Before RADER, *Chief Judge*, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Jeffrey S. Wax appeals from the decision of the Trademark Trial and Appeal Board (Board) sustaining the opposition by Amazon Technologies, Inc. (ATI) to the registration of the mark AMAZON VENTURES. *See Amazon Techs., Inc. v. Wax*, Opposition No. 91187118 (T.T.A.B. Mar. 30, 2012) (*Board Decision*). Because the Board did not err in denying registration to Mr. Wax, we *affirm*.

## BACKGROUND

Mr. Wax is a patent attorney who also helps startups obtain venture capital funding. *Board Decision* at 10–11. In 2000, he filed an intent-to-use application to register AMAZON VENTURES, with VENTURES disclaimed, for "investment management, raising venture capital for others, . . . and capital investment consultation." *Id.* at 1. ATI, a well-known online retailer, opposed the registration based on several registered AMAZON.COM marks having filing dates prior to Mr. Wax's application. *Id.* at 6–10. In addition, ATI asserted that it had common-law priority of use over Mr. Wax's mark. *Id.* at 11. The Board found that ATI established priority on the basis of both its pleaded registrations and on common-law use. *Id.* It also determined, based on the *DuPont* factors, that there is a likelihood of confusion between the AMAZON VENTURES and AMAZON.COM marks. *Id.* at 12–26 (citing *In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357 (CCPA 1973)). Finally, the Board overruled Mr. Wax's evidentiary objections. *Id.* at 6. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

"[T]he Patent and Trademark Office ('PTO') may refuse to register a trademark if it is so similar to a registered mark 'as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive.'" *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1366 (Fed. Cir. 2012) (citing 15 U.S.C. § 1502(d)). "Although we review the Board's findings as to the *DuPont* factors for substantial evidence, we review its overall determination of likelihood of confusion without deference." *Id.* We review the Board's evidentiary rulings for abuse of discretion. *Id.* at 1363.

## A. Priority

The Board found that "priority is not an issue with respect to the services covered by [ATI's] pleaded registrations." *Board Decision* at 11. Mr. Wax contends, however, that the Board erred in determining that ATI had priority over the AMAZON VENTURES mark. He argues that ATI cannot establish priority because, after Mr. Wax's filing, the PTO denied ATI's application to register an AMAZON.COM mark for "financial management [and] financial planning" services.

We disagree. It is undisputed that ATI owns several registered AMAZON.COM marks stemming from applications that were filed before the priority date of AMAZON VENTURES. *Board Decision* at 6–10. For example, ATI owns an AMAZON.COM mark in graphical form, Reg. No. 2789101, for, among other things, "advertising services . . .; business management [and] business administration." *Board Decision* at 8. ATI also owns an AMAZON.COM mark in typed form, Reg. No. 3411872, "for credit card services; and charge card services." *Id.* ATI's failure to register AMAZON.COM for financial services does not negate the priority of its marks for advertising services, business management, credit card services, and other services with respect to Mr.

Wax's application. Therefore, we conclude that the Board did not err in its priority analysis. Because ATI has established priority on the basis of its registered marks, we need not reach ATI's common-law claims.

## B. Likelihood of Confusion

"We determine likelihood of confusion by focusing on the question whether the purchasing public would mistakenly assume" that Mr. Wax's services "originate from the same source as, or are associated with" ATI, the owner of AMAZON.COM registrations. *In re Majestic Distilling Co., Inc.*, 315 F.3d 1311, 1315–16 (Fed. Cir. 2003). The Board found that ATI's marks are very strong due to their commercial fame and to their inherent distinctiveness in connection with ATI's services, leading to likely confusion with Mr. Wax's mark. *Board Decision* at 13–17, 19–20. The Board also determined that, because "AMAZON is the dominant component for each," there is a high degree of similarity between AMAZON.COM and AMAZON VENTURES that further indicated a likelihood of confusion. *Id.* at 18. Moreover, the Board found that the parties' respective services and channels of trade were sufficiently alike to support the finding of likely confusion, particularly given the fame of ATI's marks and their high degree of similarity to AMAZON VENTURES. *Id.* at 20–23. Weighing the *DuPont* factors, the Board concluded that confusion was likely and sustained the opposition. *Id.* at 24–26.

Mr. Wax challenges the Board's findings of fame of ATI's marks, their similarity to AMAZON VENTURES, and the similarity of the parties' services and channels of trade. Mr. Wax does not dispute the evidence of fame provided by ATI, including ATI's high-volume sales, extensive advertising expenditures, and unsolicited

attention that the media has accorded to ATI's marks.[1] *Board Decision* at 14–16.  He maintains, however, that ATI has proven fame only for AMAZON.*COM*, not for "Amazon."  Mr. Wax further argues that ATI's consent agreements with third parties to preserve the absence of confusion with marks that include the word "Amazon," coupled with its refusal to consent to analogous marks that contain both "Amazon" and ".com," show that ATI perceives the suffix ".com" to be an integral part of its marks.  Moreover, Mr. Wax faults the Board for dissecting his own mark into the words "Amazon" and "Ventures" and argues that AMAZON VENTURES, when considered as a whole, is not sufficiently similar to AMAZON.COM to lead to confusion.  Finally, Mr. Wax argues that, because ATI does not provide investment management or venture capital funding services, and because consumers of such services are sophisticated, confusion is unlikely.

We find no error in the Board's analysis of the *DuPont* factors.  The record indicates that "Amazon" and "Amazon.com" are used interchangeably to refer to ATI's services, which supports the Board's finding that "Amazon" is the dominant feature of the mark.  J.A. 10772–883.  Therefore, evidence of fame of AMAZON.COM is probative of likely confusion between ATI's marks and other marks, like AMAZON VENTURES, that include the word "Amazon."  The Board was also correct in concluding that the two marks are highly similar due to the presence of "Amazon" in both.  Mr. Wax fails to point to any error in the Board's finding that, in AMAZON VENTURES, "Ventures" is merely

---

[1]    Mr. Wax does argue that any evidence of fame that post-dates the filing date of his own application is not relevant.  To the contrary, such evidence is probative of fame for the purpose of establishing likelihood of confusion.  *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1052 (Fed. Cir. 2012).

descriptive of the nature of his services. *Board Decision* at 18.

Finally, Mr. Wax's reliance on ATI's consent agreements to show that ATI views ".com" as an important part of the mark is misplaced. The focus is on how the buying public perceives AMAZON.COM. *See In re Majestic Distilling*, 315 F.3d at 1315–16. Unlike *In re Four Seasons Hotels Ltd.*, 987 F.2d 1565 (Fed. Cir. 1993), cited by Mr. Wax, there is no consent agreement among the parties regarding confusion.

We also do not agree that differences between ATI's and Mr. Wax's services and channels of trade weigh against the finding of likely confusion. The party opposing registration does not have to provide exactly the same service as the applicant to establish likelihood of confusion. *See Recot, Inc. v. M.C. Becton*, 214 F.3d 1322, 1327–28 (Fed. Cir. 2000). Indeed, the point of showing that a mark is famous relieves the opposer from having to prove that the services it provides are the same as the applicant's services. *Id.* Although fame does not give the mark's owner a right in gross, "[f]amous marks [do] enjoy a wide latitude of protection." *Id.* at 1327.

Moreover, ATI's corporate investing activities actually resemble the service of "raising venture capital for others" that Mr. Wax markets under AMAZON VENTURES. J.A. 836, 1471–80. Mr. Wax acknowledges the phenomenon of corporate venture capitalism but argues that ATI "would not invest in a competitor retailer unless [its] intent was to gain a benefit *for itself*." Appellant's Reply Br. 10 (emphasis added). While Mr. Wax emphasizes that his own service entails raising venture funds for others, he must also expect to receive a benefit for himself in the form of remuneration for his work. This similarity, particularly in view of the fame of ATI's marks and the closeness of AMAZON.COM and AMAZON VENTURES, supports the Board's finding of a

likelihood of confusion. Even if Mr. Wax is correct in that the level of sophistication of the relevant consumer market is high, the Board did not err in concluding that the *DuPont* factors as a whole strongly support ATI's position.

## C. Evidentiary Objections

Mr. Wax argues that the Board erred by admitting into evidence exhibits that ATI included with its reply brief before the Board and by allowing ATI to submit numerous late discovery responses. The Board explained, however, that the exhibits that ATI included with its reply brief were responsive to arguments raised by Mr. Wax and that ATI submitted its "late" exhibits in order to comply with its duty to supplement its discovery responses and with the Board's orders. *See* J.A. 10764–65; 409–11. We perceive no error in the Board's analysis. Therefore, we conclude that the Board did not abuse its discretion in its evidentiary rulings.

## CONCLUSION

We have considered Mr. Wax's remaining arguments and conclude that they lack merit. Accordingly, we affirm the Board's decision.

## AFFIRMED